42 P.3d 696

**ED LOSHBAUGH & SONS, INC., a Washington Corporation, Plaintiff–Respondent/Cross–Appellant,**

v.

**Fred OSSEWARDE & Joann Ossewarde, husband and wife, and Contractors Bonding & Insurance Company, Defendants–Appellants/Cross–Respondents.**

No. 26519.

Supreme Court of Idaho, Coeur d'Alene, October 2001 Term.

Feb. 26, 2002.

Stephen B. McCrea and Harvey Richman, Coeur d'Alene, for appellant. Harvey Richman argued.

McCormick, Dunn & Black, P.S., Sandpoint, for respondent. Richard D. Campbell argued.

SCHROEDER, Justice.

The parties agreed to arbitration concerning amounts due for construction work in Spokane, Washington. All questions were to be decided under Washington law, except a matter of a mechanic's lien, which was to be decided under Idaho law. The arbitrator made his decision and award which was confirmed by the district court in Idaho. The district court also awarded Loshbaugh & Sons, Inc. (ELS) attorney fees under the Idaho Mechanics' and Materialmen's Lien Statute, Idaho Code § 45–501 et. seq. Fred and Joann Ossewarde (Ossewardes) contest the district court's award of attorney fees.

## I.

### FACTUAL BACKGROUND

ELS and the Ossewardes (and others who were later dismissed) entered into an oral agreement for ELS to provide services, including road construction, storm drainage, sewer and water distribution systems and related improvements in June of 1995. ELS claimed that it did the work as agreed and should have been paid. The Ossewardes were unhappy with the quality of the work and refused to pay. ELS had a materialmen's lien and sought to foreclose on it. The

parties orally agreed to arbitration, although both the terms of the arbitration and the question of whether the arbitrator considered the lien in his award are disputed by the parties.

## II.

## PROCEDURAL BACKGROUND

ELS filed a complaint in the first judicial district, Kootenai County, on May 24, 1996, alleging: 1) breach of contract; 2) foreclosure of the lien; and 3) right to attorney fees. On the same day, ELS filed a notice of *lis pendens*. The Ossewardes filed an answer and counterclaim on August 29, 1996, alleging: 1) that ELS failed to perform the contract work in a timely and workmanlike manner; 2) ELS's knowledge of the penalties for failure to perform to those standards; 3) that ELS improperly charged the Ossewardes for certain equipment; and 4) damages. The cases were consolidated.

Subsequently, an automatic stay was imposed because ELS filed for bankruptcy. However, ELS was allowed to amend its complaint alleging 1) unjust enrichment/*quantum meruit*, 2) Ossewardes' breach of contract and the covenant of good faith and fair dealing, and 3) right to bond foreclosure. After several other motions, the case was referred to arbitration.

The arbitrator, a Washington lawyer, issued his decisions stating that ELS no longer had "any remaining interest at law or equity in the real property," that the Ossewardes would pay the Starks (another party to the arbitration) a certain amount, and that Ossewardes would pay ELS $70,181.23 "for labor and materials." The arbitrator stated that "as Washington law applies to all matters except the Idaho mechanics [sic] lien issue and insofar as there is no award under the mechanics lien and insofar as your arbitrator finds no party to be a prevailing party: The parties are each responsible for their own attorney fees and costs." The arbitrator gave no reasoning, nor any other indications of what was considered in the arbitration.

ELS filed an affidavit with the district court in support of an application for confirmation of the arbitration award and motions for summary judgment and costs pursuant to the mechanics' lien statute. The Ossewardes filed no objection to the motion for confirmation. The award was confirmed.

The district court granted the motion for summary judgment and allowed ELS to submit a memorandum of costs and fees. The Ossewardes filed both a motion to disallow costs and fees and a motion to strike an affidavit of the arbitrator on the basis that the affidavit was procured *ex parte*, that it was not subject to cross-examination, that was facially erroneous, and that the arbitrator no longer had jurisdiction over the matter.

The district court awarded ELS attorney fees in the amount of $26,224.75 for one firm, attorney fees of $36,224.75 for another firm and costs of $474.81. The Ossewardes petitioned the court for special relief, asking for a ruling as to whether the judge had considered or stricken the affidavit of the arbitrator. The Ossewardes also moved for a stay of execution or enforcement of the money judgment and for exoneration of the bond. The district court issued a judgment in favor of ELS for attorney fees of $36,224.75 and costs of $474.82. The Ossewardes appealed and ELS filed a notice of cross-appeal.

## III.

### THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN EXCLUDING THE AFFIDAVIT OF THE ARBITRATOR

■ ELS filed an affidavit with the district court in support of an application for confirmation of the arbitration reward. The affidavit was obtained from the arbitrator subsequent to the arbitration decision. The Ossewardes filed a motion to strike the affidavit on the basis that it was procured *ex parte*, that it was not subject to cross-examination, that it was facially erroneous, and that the arbitrator no longer had jurisdiction over the matter. The district court granted the motion to strike. There was no abuse of discretion by the district court in excluding consideration of the affidavit. It was obtained in an *ex parte* contact with the arbi-

trator. It is not particularly clear and helpful. There has been no procedure identified for explaining or altering an award in this fashion. Finally, the arbitration award is clear and unambiguous, necessitating no further explanation.

## IV.

## THE ATTORNEY FEES ISSUE WAS DETERMINED IN ARBITRATION AND WAS NOT PROPERLY BEFORE THE DISTRICT COURT

The arbitrator stated that, "as Washington laws applies to all matters except the Idaho Mechanics' Lien issue and insofar as there is no award under the Mechanics' Lien and insofar as your arbitrator finds no party to be a prevailing party: The parties are each responsible for their own attorney fees and costs."

■ The cases involved were referred to arbitration on all issues. Washington law was to be applied to all matters except the Idaho Mechanics' Lien issue. That issue was to be decided under Idaho law. The arbitrator decided the case, including a clear and unambiguous determination that the parties were responsible for their own attorney fees and costs. There was nothing left to be decided by the district court.

## V.

## CONCLUSION

The decision of the district court is reversed. The Ossewardes are awarded costs. No attorney fees are allowed.

Chief Justice TROUT, Justices WALTERS, KIDWELL and EISMANN, concur.